1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

EXPEDIA, INC.,

11

               Plaintiff,

CASE NO.  C06-1580RSM

12

        v.

13

RESERVATIONSYSTEM.COM, INC. d/b/a
BOOKIT.COM, INC., and LAURA VEGLIA
f/k/a LAURA WILDE,

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS OR TRANSFER

14

15

              Defendants.

16

17

## I. INTRODUCTION

18

       This matter comes before the Court on defendants' motion to dismiss or, in the alternative, to

19

transfer venue to the Southern District of Florida.  (Dkt. #10).  Defendant Bookit.com ("Bookit")

20

argues that because it has not had the required contacts with this forum, the Court cannot exercise

21

personal jurisdiction over it.  Defendant Laura Veglia ("Veglia") argues that she also has insufficient

22

contacts with the State of Washington and therefore this Court cannot exercise personal jurisdiction

23

over her.  She further argues that the Court should not enforce the forum selection clause in her

24

contract with Expedia.  In the alternative, defendants ask this Court to transfer this action to the

25

Southern District of Florida on the basis that it would be more convenient and in the interest of

26

justice.

ORDER DENYING MOTION TO DISMISS
PAGE - 1

Plaintiff responds that there are sufficient minimum contacts with Washington for this Court to exercise personal jurisdiction over both defendants. Plaintiff further responds that this case should not be transferred to Florida because it is neither more convenient nor in the interest of justice, and because the forum selection clause in defendant Veglia's contract with Expedia carries great weight and should be enforced.

For the reasons set forth below, the Court agrees with plaintiff, and DENIES defendants' motion to dismiss and their alternate request to transfer.

## II. DISCUSSION

### A. Background

Plaintiff has filed an action alleging breach of contract, tortious interference and misappropriation of trade secrets, resulting from defendant Veglia leaving her employment with plaintiff and starting new employment with defendant Bookit.

Bookit is a Florida Corporation engaged in the online marketing and sales of travel services. It is a direct competitor to plaintiff. All but four of Bookit's employees are located in Florida, and there are no employees located in Washington.

Veglia is a resident of Florida. She was formerly employed by plaintiff in its Ft. Lauderdale office, where she worked for five years, and where she held the position of Director of Market Management for the Americas region, which included Canada, the majority of the United States, Mexico, Central America, South America and the Caribbean. In that position, Veglia was responsible for assisting plaintiff in meeting its sales goals in the Caribbean, developing supplier relationships, negotiating hotel contracts, promoting destinations and facilitating reservations through plaintiff's website. Plaintiff alleges that through this position Veglia was privy to key business and financial information, and other proprietary information such as plaintiff's software program.

On or about October 26, 2006, defendant Veglia submitted her notice of resignation to

ORDER DENYING MOTION TO DISMISS
PAGE - 2

1    plaintiff. She began her employment with Bookit as Vice President of Sales on October 30, 2006.

2    Initially, Veglia was placed in charge of Bookit's Caribbean region.[1]  The instant lawsuit followed.

3         Plaintiff initially requested an emergency temporary restraining order and expedited

4    discovery. The Court denied those requests, finding that plaintiff had failed to demonstrate

5    immediate and irreparable injury and failed to provide reasons why notice to the adverse party should

6    not be required. The Court also found that the jurisdictional issues raised in the instant motion

7    should be reviewed prior to any discovery on the merits. Accordingly, the Court now turns to the

8    instant motion.

9         **B.  Motion to Strike**

10        As a preliminary matter, the Court addresses plaintiff's request to strike all unsupported

11   statements related to the testimony of defendants' unidentified Caribbean witness, which is raised in

12   a footnote in its response brief. Plaintiff also appears to object to any supporting affidavits that are

13   filed with defendants' reply. The Court denies this request. First, the Court has the ability to

14   determine which facts are supported and unsupported and can afford the appropriate weight to those

15   facts. Second, this Court's local rules allow parties to file supporting information, such as affidavits,

16   with the reply brief. Local Rule CR 7(b)(3). Thus, the Court finds no reason to strike defendants'

17   affidavits simply because they are filed with the reply. In any event, for the reasons set forth below,

18   the Court will deny defendants' motion, and, therefore, there is no prejudice to plaintiff by denying

19   its motion to strike.

20        **C.  Personal Jurisdiction**

21        *1.  Standard of review*

22        Defendants move to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P

23

24   _____

25       [1] Bookit asserts that since this lawsuit was filed and it received a copy of Veglia's employment
     contract with plaintiff, it has removed Veglia from her position with the Caribbean region and moved her
     to a different region where she will not have contact with the clients or customers with whom she dealt
26   while working for plaintiff in the previous twelve months.

ORDER DENYING MOTION TO DISMISS
PAGE - 3

1   12(b)(2).  In response to a motion to dismiss for lack of personal jurisdiction, it is the plaintiff who

2   bears the burden of demonstrating that jurisdiction over a defendant is appropriate.  *Dole Food Co.*

3   *v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).  Where, as here, the motion to dismiss is based on

4   written materials rather than an evidentiary hearing, the plaintiff need only make a *prima facie*

5   showing of jurisdictional facts to avoid dismissal.  *Id.*  While a plaintiff may not simply rely on the

6   bare allegations of its Complaint, uncontroverted allegations in the Complaint are taken as true.

7   *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  Conflicts between

8   the facts contained in the parties' affidavits must be resolved in the plaintiff's favor.  *Id.*; *Dole*, 303

9   F.3d at 1108.

10      Washington State's long-arm statute, RCW 4.28.185 governs the question of personal

11  jurisdiction.  The Ninth Circuit Court of Appeals has explained that the statute is coextensive with

12  the outer limits of federal due process.  *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1405 (9th

13  Cir. 1994); *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain, Co.*, 284 F.3d 1114, 1126

14  (9th Cir. 2002).  Thus, this Court need only determine whether jurisdiction in this District comports

15  with due process.

16      Due process requires that a non-resident defendant have certain minimum contacts with the

17  forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and

18  substantial justice.  *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Personal

19  jurisdiction can be specific or general.  *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408,

20  414 n. 8-9 (1984).  Specific jurisdiction arises where a cause of action results from a defendant's

21  contacts with the forum state.  *Id.* at 414 n.8.  General jurisdiction arises where a cause of action is

22  unrelated to a defendant's contacts with the forum state, but because the defendant has had

23  pervasive, continued and systematic contacts with the forum state, there is justification to exercise

24  jurisdiction over any action of the defendant within the forum state.  *Id.* at 414 n.9.

25      On this motion, defendants argue that this Court may not exercise either general or specific

26

ORDER DENYING MOTION TO DISMISS
PAGE - 4

1    jurisdiction over defendants.  The Court addresses each of these arguments in turn.

2                    *2. Defendant Bookit*

3           The Court may exercise general personal jurisdiction over a defendant when it has engaged in

4    substantial or continuous and systematic business activities in the forum state.  *Bancroft & Masters,*

5    *Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).  Plaintiff alleges in its Complaint

6    that Bookit directly facilitates, via its website, travel reservations, including hotel accommodations,

7    car rentals, and flight options in and to Seattle, Washington, and generally conducts business in the

8    State of Washington, and argues that this allegation is sufficient to establish a *prima facie* case of

9    general jurisdiction.  Plaintiff further argues that, when looking at the "economic reality" of

10   defendants activities in Washington, it is clear that general jurisdiction exists.

11          Bookit first focuses its response on its internet presence in Washington.  Bookit analogizes

12   its website to an internet advertisement, and argues that an internet advertisement alone is not

13   enough to convey general jurisdiction over a company.  The Court is not persuaded by this

14   argument.  Bookit does more that just advertise in Washington.  Indeed, through its website, Bookit

15   offers Washington residents the opportunity to purchase airfare, hotels and vacation packages seven

16   days a week, 24 hours a day.  (*See* Dkt. #18, Ex. 2).  While only a small portion of Bookit's revenue

17   and reservations may actually come from Washington, that doesn't change the fact that Bookit's

18   sales through its website are intentional and entirely within Bookit's control, and sales do actually

19   occur in this state.[2]  Moreover, Bookit has implicitly acknowledged that some of its direct business

20   contacts are located in Washington State.  (Dkt. #10 at 6).

21          The Ninth Circuit Court of Appeals has explained that "the likelihood that personal

22

23          [2] Bookit notes that the total bookings from guests living in Washington is less than one percent of
24   Bookit's total bookings, physical hotel bookings located in Washington constitute less than one-tenth of
     one percent of Bookit.com's hotel bookings, flights reserved through Bookit by people in Washington
25   constitute less than one-tenth of one percent of total flights booked on Bookit, and cars rented in
     Washington through Bookit constitute less than one-tenth of one percent of cars booked through Bookit.
26   (Dkt. #21 at 2-3).

ORDER DENYING MOTION TO DISMISS
PAGE - 5

1   jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of

2   commercial activity that an entity conducts over the Internet." *Cybersell, Inc. v. Cybersell, Inc.*, 130

3   F.3d 414, 419 (9th Cir. 1997) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119,

4   1124 (W.D. Pa. 1997)).  Here, while it is admittedly a close question, the Court finds that exercising

5   personal jurisdiction is constitutional and appropriate in light of these facts.  Because the Court finds

6   that general jurisdiction exists, it is not necessary to determine whether it can also exercise specific

7   jurisdiction.

8   *3. Defendant Veglia*

9          Plaintiff argues that this Court may exercise jurisdiction over Veglia based on her prior

10  written consent to this jurisdiction through her employment contract with plaintiff.  Defendants

11  acknowledge the forum selection clause, but assert in conclusory fashion that Veglia has worked in

12  Florida for five years, plaintiff has offices in Florida, all of the relevant witnesses are there, and there

13  is a complete absence of any relationship between Washington and this action.  Therefore,

14  defendants argue that the Court should refuse to enforce the forum selection clause as unreasonable.

15  Again, the Court is not persuaded.

16         In the Ninth Circuit, it is well-settled that the Supreme Court's decision in *The Bremen v.*

17  *Zapata Off-Shore Co.*, 407 U.S. 1 (1972), controls the question of whether a forum selection clause

18  is enforceable.  *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324-25 (9th Cir. 1996) (noting

19  that the standard set forth in Bremen "has been widely applied to forum selection clauses in general"

20  and is not limited to the admiralty context).  Under *Bremen*, a choice-of-forum clause will be given

21  full effect by the Court unless it would be unreasonable or unjust to do so.  Forum-selection clauses

22  "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to

23  be 'unreasonable' under the circumstances." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10

24  (1972) (citation omitted).  A forum selection clause is unreasonable if:

25              (1) its incorporation into the contract was the result of fraud, undue influence, or
                overweening bargaining power; (2) the selected forum is so gravely difficult and
26

ORDER DENYING MOTION TO DISMISS
PAGE - 6

inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought.

*Argueta*, 87 F.3d at 325 (internal quotation marks and citations omitted).  Defendants demonstrate none of these elements.  Accordingly, the Court finds the forum selection clause enforceable and finds that it may exercise personal jurisdiction over Veglia.

### D.  Transfer Pursuant to 28 U.S.C. § 1404(a)

Defendants next argue that even if this Court finds that personal jurisdiction exists, the Court should transfer the action to the Southern District of Florida for the convenience of the parties and in the interest of justice.  28 U.S.C. § 1404(a).  On such a motion, the  moving party bears the burden of showing that jurisdiction and proper venue would exist in the district to which a transfer is requested.  *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).  The district court has broad discretion to consider case-specific circumstances.  *Deputy v. Long-Term Disability Plan of Sponsor Aventis Pharms.*, 2002 U.S. Dist. LEXIS 22583, at *5 (N.D. Cal. Nov. 21, 2002) (Henderson, J.).

When determining whether a transfer is proper, this Court employs a two-step analysis. First, the Court considers the threshold question of whether the case might have been brought in the forum to which the transfer is sought.  *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).  If the Court concludes that venue is proper in the transferee court, it then balances the plaintiff's interest to freely choose a litigation forum against considerations of convenience of defendant and witnesses and the interest of justice.  *See id.*  The Court may consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.  Additionally, the presence of a forum selection clause is a 'significant factor' in the court's § 1404(a) analysis.  We also conclude that the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing.

1     *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-499 (9th Cir. 2000).

2          Neither party disputes that this case could have been brought in the Southern District of

3     Florida. Thus, the Court turns to the question of whether that venue is more convenient and in the

4     interest of justice.

5          Here, the plaintiff's choice of forum is Washington, and Washington is a forum which this

6     Court has already determined has personal jurisdiction over both defendants. This factor is afforded

7     substantial weight. *Williams v. Bowman*, 157 F. Supp.2d 1103, 1106 (N.D. Cal. 2001). Indeed, the

8     Ninth Circuit Court of Appeals has explained that, because there is a strong presumption in favor of

9     plaintiff's choice of forum, the moving party has the burden of showing that the balance of

10     convenience weighs heavily in favor of the transfer. *Decker Coal Co. v. Commonwealth Edison Co.*,

11     805 F.2d 834, 843 (9th Cir. 1986). For the reasons stated below, defendants cannot make that

12     showing.

13          First, it appears that Washington law will control the issues in this case, and this Court is

14     extremely familiar with the law of that state. This factor weighs in favor of plaintiff. While

15     defendants correctly note that the employment agreements at issue were negotiated in Florida and

16     executed in Florida, and the Court agrees that this factor would weigh in favor of defendants'

17     request to transfer, defendants fail to demonstrate that Washington law would not govern the

18     agreements, especially in light of the choice of law clause contained in the contracts.

19          Similarly, the Court finds that defendants have not demonstrated that Florida is a more

20     convenient forum. It is true that defendants may have some witnesses that are located in Florida or

21     the Caribbean that will testify in this case. The Court acknowledges that for witnesses residing in the

22     Caribbean it may be more convenient to travel to Florida, and this Court does not have the power to

23     compel their testimony in this Court. However, the same is true of plaintiff's witnesses. Plaintiff has

24     identified several potential witnesses in this state that would be inconvenienced by traveling to

25     Florida, and the Florida court also lacks the power to compel the testimony of those witnesses in that

26

ORDER DENYING MOTION TO DISMISS
PAGE - 8

court.  Thus, this factor does not weigh in favor of either party.

Nor have defendants demonstrated that it is easier to access the proof necessary to defend their claims in Florida, or that the cost of litigating in Florida will be any less that the cost of litigation here.  Again, just as defendants demonstrate that key testimony and other proof of defendants' actions are located in Florida, plaintiff also demonstrates that key testimony and other proof of its claims are located in Washington.  Thus, this factor does not weigh in favor of either party.

Finally, the Court notes that the forum selection clause is controlling in this case, at least with respect to defendant Veglia.  That clause dictates litigation in this Court.  Defendants have pointed to no public policy in the state of Washington against the enforcement of forum selection clauses, and this Court has found none.  Accordingly, and for all of the reasons stated above, this Court finds that defendants have failed to make a strong showing of inconvenience in this forum.  Therefore, the Court declines to transfer this action to the Southern District of Florida.

### III. CONCLUSION

Having reviewed defendants' motion, plaintiff's opposition, defendants' reply, plaintiff's sur-reply, the declarations and evidence in support of those briefs, and the remainder of the record, the Court hereby ORDERS:

(1)  Defendants' Motion to Dismiss or Transfer (Dkt. #10) is DENIED in its entirety.

(2)  The Clerk shall forward a copy of this Order to all counsel of record.

DATED this 14th day of December, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO DISMISS
PAGE - 9