UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EXPEDIA, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>RESERVATIONSYSTEM.COM, INC. d/b/a BOOKIT.COM, INC., and LAURA VEGLIA f/k/a LAURA WILDE,<br><br>        Defendants. | CASE NO.  C06-1580RSM<br><br>ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION |

## I.  INTRODUCTION

This matter comes before the Court on defendants' motion for certification for appeal pursuant to 28 U.S.C. § 1292(b), asking that this Court certify its prior Order on the issue of personal jurisdiction to the Ninth Circuit Court of Appeals.  Defendants argue that the Court's prior Order involves a controlling issue of law to which there is a substantial ground for difference of opinion, and that resolution of that question will materially advance the termination of this litigation. Plaintiff opposes the motion, arguing that the jurisdictional issue resolved by this Court is not novel and no substantial grounds for a difference of opinion over the law exist.  (Dkt. #28).  For the reasons set forth below, the Court agrees with plaintiff and DENIES defendants' motion for certification.

## II. DISCUSSION

**A. Background**

Plaintiff has filed an action alleging breach of contract, tortious interference and

ORDER DENYING CERTIFICATION
PAGE - 1

misappropriation of trade secrets, resulting from defendant Veglia leaving her employment with plaintiff and starting new employment with defendant Bookit.

Bookit is a Florida Corporation engaged in the online marketing and sales of travel services. It is a direct competitor to plaintiff. All but four of Bookit's employees are located in Florida, and there are no employees located in Washington.

Veglia is a resident of Florida. She was formerly employed by plaintiff in its Ft. Lauderdale office, where she worked for five years, and where she held the position of Director of Market Management for the Americas region, which included Canada, the majority of the United States, Mexico, Central America, South America and the Caribbean. In that position, Veglia was responsible for assisting plaintiff in meeting its sales goals in the Caribbean, developing supplier relationships, negotiating hotel contracts, promoting destinations and facilitating reservations through plaintiff's website. Plaintiff alleges that through this position Veglia was privy to key business and financial information, and other proprietary information such as plaintiff's software program.

On or about October 26, 2006, defendant Veglia submitted her notice of resignation to plaintiff. She began her employment with Bookit as Vice President of Sales on October 30, 2006. Initially, Veglia was placed in charge of Bookit's Caribbean region.[1] The instant lawsuit followed.

Plaintiff initially requested an emergency temporary restraining order and expedited discovery. The Court denied those requests, finding that plaintiff had failed to demonstrate immediate and irreparable injury and failed to provide reasons why notice to the adverse party should not be required. The Court also found that the jurisdictional issues raised in defendants' motion to dismiss, or, in the alternative, motion to transfer venue should be reviewed prior to any discovery on

---

[1] Bookit asserts that since this lawsuit was filed and it received a copy of Veglia's employment contract with plaintiff, it has removed Veglia from her position with the Caribbean region and moved her to a different region where she will not have contact with the clients or customers with whom she dealt while working for plaintiff in the previous twelve months.

ORDER DENYING CERTIFICATION
PAGE - 2

the merits.

The Court subsequently determined that jurisdiction exists with respect to all defendants, and that transfer was not appropriate. The instant motion followed.

**B. Improper Overlength Reply Brief**

As a preliminary matter, the Court addresses defendants' Reply brief. Defendants filed their Motion for Certification on December 27, 2006, properly noting it for consideration on January 12, 2007. Pursuant to this Court's Local Rules, any Reply brief was therefore due January 12, 2007. Local Rule CR 7(d)(3). Any such Reply brief was also limited to six pages in length. Local Rule CR 7(e)(4). Defendants filed their Reply on January 12, 2007; however, that Reply was nine pages in length. Defendants did not seek leave to file an overlength brief as required by the Court's Local Rules. *See* Local Rule CR 7(f).

Defendants then filed an Amended Reply on January 17, 2007, five days after their motion was noted for consideration. The Amended Reply was six pages in length, and contained a footnote stating that it was being filed to comply with the Court's Local Rules governing page length. However, defendants did not first seek permission to file such Amended Reply.

Upon being admitted *pro hac vice* to this Court, defendants' counsel certified that he was "charged with knowing and complying with all applicable local rules[.]" (Dkt. #7 at 1). Defendants have provided no explanation as to why an improper overlength brief was filed in the first place, nor have they provided any reason why they failed to ask this Court for permission to file their Amended Reply after the noting date. Accordingly, the Court *sua sponte* STRIKES defendants' Amended Reply as untimely, and STRIKES from consideration all overlength pages from the improper overlength Reply brief that was initially filed.

**C. Certification Under 28 U.S.C. § 1292(b)**

Under 28 U.S.C. § 1292, when this Court,

> in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to

ORDER DENYING CERTIFICATION
PAGE - 3

> which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 USCS § 1292(b). While defendants assert that all of the requirements of this statute have been met, the Court is not persuaded.

First, the Court notes that defendants appear to have misconstrued, or at least misread, the Court's previous Order. For example, defendants state that this Court based its decision about jurisdiction over defendant Veglia "at least on part, on the convenience of the forum to other parties." (Dkt. #26 at 6). That is not correct. This Court found jurisdiction over defendant Veglia based solely on the forum selection clause contained in her written employment contract with plaintiff. (Dkt. #25 at 6-7). Not once in its analysis of the forum selection clause does the Court state or otherwise imply that its decision is based on the convenience of the parties.

Further, defendants appear to confuse the Court's analysis of the jurisdictional issues with its analysis of the transfer issue. Defendants, misquoting the Court, assert that the Court concluded in its previous Order that the choice of law question weighs "heavily in favor" of plaintiff. (Dkt. #26 at 7). Again, that is not correct. Instead, the Court, citing Ninth Circuit case law, noted that the plaintiff's choice of forum is afforded substantial weight and that the moving party has the burden of showing that the balance of convenience weighs heavily in favor of the transfer. (Dkt. #25 at 8). With respect to choice of law, the Court actually noted that the factor would have weighed in favor of defendants except that defendants had failed to demonstrate that Washington law would not govern the contracts at issue, and, therefore, the factor weighed in favor of plaintiff.

Defendants also argue that this Court "has essentially concluded that any company that actively does business over the Internet automatically submits itself to personal jurisdiction in every state of this country." (Dkt. #26 at 4). The Court did not, in fact, make such a conclusion or adopt such a broad rule. The Court simply noted that the Ninth Circuit Court of Appeals has already explained that "the likelihood that personal jurisdiction can be constitutionally exercised is directly

ORDER DENYING CERTIFICATION
PAGE - 4

proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)).  Defendants fail to acknowledge that the Court examined the facts of this case, and then determined that exercising personal jurisdiction is constitutional and appropriate in light of those facts.  In particular, the Court focused on the fact that defendants make Internet sales in the state of Washington, and that defendants had implicitly acknowledged that some of its business contracts are with entities located in Washington State.

Finally, although they do not specifically ask this Court to certify its denial of transfer to the Southern District of Florida, defendants appear to take issue with that portion of the Order as well.  (Dkt. #26 at 6-7).  However, as plaintiff points out, that determination contained no controlling issue of law, and therefore defendants fail to meet the requirements of section 1292(b).

For all of these reasons, the Court finds that defendants have failed to demonstrate any issue requiring immediate certification to the Ninth Circuit.  There is no controlling issue of law upon which there could be substantial grounds for a difference of opinion.  The fact that defendants disagree with the Court's analysis does not change that conclusion.  Accordingly, defendants' motion will be denied.

### III. CONCLUSION

Having reviewed defendants' motion, plaintiff's opposition, defendants' reply, and the remainder of the record, the Court hereby ORDERS:

(1)  Defendants' Motion for Certification (Dkt. #26) is DENIED.

(2)  The Clerk shall forward a copy of this Order to all counsel of record.

DATED this __23__ day of January, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING CERTIFICATION
PAGE - 5